**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| Lashawnya Brewer, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-88 |
| Community Account Services, Inc., d/b/a Professional Account Services, Inc., a Tennessee corporation, | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Lashawnya Brewer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Lashawnya Brewer ("Brewer"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt which she allegedly owed for medical services to Lutheran Downtown Hospital.

4. Defendant, Community Account Services, Inc., d/b/a Professional Account

Services, Inc. ("PAS"), is a Tennessee corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. PAS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. Defendant PAS was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

6. Defendant PAS is authorized to conduct business in Indiana, and maintains a registered agent here, see, records from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

**FACTUAL ALLEGATIONS**

7. On December 31, 2025, Ms. Brewer filed a Chapter 7 bankruptcy petition in a matter styled In re: Brewer, N.D.Ind.Bankr. No. 25-11864-reg. Among the debts listed on Schedule E/F of Ms. Brewer's Bankruptcy Petition was a delinquent consumer debt (incurred primarily for personal, family or household purposes) that she allegedly owed for medical services to Lutheran Downtown Hospital. Defendant PAS was also listed as to the Lutheran Downtown Hospital debt, see, excerpt of Schedule E/F, attached as Exhibit B.

8. Accordingly, both the original creditor (Lutheran Downtown Hospital) and Defendant PAS were sent notice of the bankruptcy by the Bankruptcy Noticing Center; Defendant PAS via electronic transmission on January 6, 2026, and the creditor via U.S. Mail, on January 7, 2026, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit C.

9. Plaintiff's bankruptcy is a matter of public record, is in the records of the Defendant and the creditor, is on her credit reports, and was also readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant attempted to collect the debt by sending a collection text message and collection letter to Ms. Brewer on February 4, 2026. Copies of these collection demands are attached as Group Exhibit D.

11. As a result of the Defendant's illegal collection actions, Ms. Brewer had to take her time, and expend the effort and expense, to review and investigate the collection letter and email, get them to her attorneys, and then the expense (about $270) to have her attorneys send Defendant a letter on February 10, 2026, telling it to stop its illegal collection efforts. A copy of this letter is attached as Exhibit E.

12. Moreover, due to Defendant's collection actions, Ms. Brewer had to take the time, effort and/or expense to obtain and review her credit reports to see if Defendant had made a negative credit report, and also to determine whether her bankruptcy was noted in her reports.

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of **abusive**, **deceptive**, and **unfair** debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the way debt collectors may communicate with consumers; specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and demanding payment

of a debt that a consumer no longer owes and has refused to pay, see, 15 U.S.C. § 1692(c)(c), for example, when the debt is subject to a bankruptcy.

15. Moreover, to eliminate deceptive collection practices, § 1692e of the FDCPA prohibits the use of false and/or deceptive or misleading statements in connection with the collection of a debt, see, 15 U.S.C. § 1692e. Section 1692e of the FDCPA is rooted in the basic common law principle of fraud; for example, a debt collector may not claim that a debt, which has been included in bankruptcy, is still directly owed by the consumer.

16. Moreover, §1692c of the FDCPA limits the way debt collectors may communicate with consumers. Specifically, § 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer who has "notified a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer", see, 15 U.S.C. § 1692c(c). Defendant's collection actions intruded upon Ms. Brewer's seclusion and invaded her legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Six v. IQ Data International, 129 F.4th 630 (9th Cir. 2025); Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021); and Persinger v. Southwest Credit Sys., 20 F.4th 1184 (7th Cir. 2021).

17. Ms. Brewer had been informed by counsel and believed that she had the right to a fresh start via bankruptcy, and a right to privacy – to be left alone about her debts.

18. Defendant's collection demands, after she had filed for bankruptcy, made Plaintiff believe that her exercise of her rights, through filing bankruptcy, may have been

futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions resulted in a direct invasion of Ms. Brewer's legally-protected right to be left alone, her right to privacy, and her right to collection communications that were not false, deceptive or misleading – rights granted to consumers under the FDCPA.

19. Defendant's actions caused Plaintiff to question whether her counsel had done their job, whether the Lutheran Downtown Hospital debt was included in her bankruptcy, and whether she had the right to be left alone – all of which upset, emotionally distressed, outraged, and alarmed Ms. Brewer, invaded her privacy/right to be left alone, and cost her time, effort and out-of-pocket expenses, see, Mack v. Resurgent Capital Services, L.P., 70 F.4th 395, 406-407 (7th Cir. 2023); Walters v. Fast AC, 60 F.4th 642, 648 (11th Cir. 2023); and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

20. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**Demanding Payment Of A Debt That Is Subject To A Bankruptcy**

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

23. Demanding payment of a debt that has been included in a bankruptcy is

false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

24. Defendant's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

27. Here, the bankruptcy and the notices issued by that court provided notice to cease communications and cease collections. By writing directly to Ms. Brewer regarding the Lutheran Downtown Hospital debt and demanding payment, despite her bankruptcy, Defendant violated § 1692c(c) of the FDCPA.

28. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692d Of The FDCPA –**
**Abusive Collection Actions**

29. Plaintiff adopts and realleges ¶¶ 1-20.

30. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any

person in connections with the collection of a debt, see, 15 U.S.C. § 1692d.

31. Attempting to collect a debt that has been included in a bankruptcy, by texting and sending Ms. Brewer a collection letter on the same day, is conduct, the natural consequence of which harassed, oppressed and abused Plaintiff, in violation of § 1692d of the FDCPA.

32. Defendant's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k

**PRAYER FOR RELIEF**

Plaintiff Lashawnya Brewer, prays that this Court:

1. Find that Defendant's collection actions violate the FDCPA;

2. Enter judgment in favor of Plaintiff, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Lashawnya Brewer, demands trial by jury.

Lashawnya Brewer,

By: s/ David J. Philipps
ne of Plaintiff's Attorneys

Dated: February 19, 2026

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com